UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN WASHINGTON,

    Plaintiff,

vs.                                          Case No. 8:16-cv-1281-T-27TGW

BLUE GRACE LOGISTICS, LLC,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion for Costs and Attorneys' Fees (Dkt. 95) and Plaintiff's opposition (Dkt. 103). Defendant seeks an award of $3,362.15 in costs and $80,107.03 in attorneys' fees, contending that certain claims brought by Plaintiff were "frivolous and unmeritorious." (Dkt. 95, p. 6). Upon consideration, Defendant's Motion is **GRANTED** as to costs and **DENIED** as to attorneys' fees.

Plaintiff, a former sales employee of Defendant, brought a nine count complaint alleging violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. § 4301, *et seq.*, the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601, *et seq.*, 42 U.S.C. § 1981 (§ 1981), Title VII of the Civil Rights Act of 1964 (Title VII), § 701 *et seq.*, 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. §§ 760.01-760.11. Plaintiff did not oppose Defendant's Motion for Summary Judgment (Dkt. 36) as to Count III (FMLA interference), Count V (racial discrimination in violation of 42 § U.S.C. 1981), Count VI (racial discrimination in violation of Title VII), and Count VII (racial discrimination

1

in violation of the FCRA). (Dkt. 45, p. 1, n.1). Summary judgment was granted as to those counts and Plaintiff's USERRA discrimination claim (Count I). (Dkt. 54). After a three day trial on the remaining counts, a jury returned a verdict in favor of Defendant. (Dkt. 92).

*Costs*

As the prevailing party under Rule 54(d), Defendant seeks costs from Plaintiff that were necessarily incurred to defend itself in the action.[1] Plaintiff does not oppose this request. (Dkt. 103, p. 3, n.3). Accordingly, Defendant's request for costs in the amount of $3,362.15 are awarded.

*Attorneys' Fees*

In addition to costs, Defendant seeks attorneys' fees for defending against Plaintiff's Title VII, FCRA, and § 1981 discrimination claims. (Dkt. 95, p. 5). Defendant seeks a total award of $80,107.03 in "fees incurred from the commencement of the action until [Defendant's] filing of its summary judgment motion." (Id. at p. 7). As discussed, these claims were voluntarily abandoned by Plaintiff in his response to Defendant's Motion for Summary Judgment. See (Dkt. 45, p. 1, n.1). Because Plaintiff "failed to oppose" summary judgment on these counts, Defendant believes it is entitled to fees. (Dkt. 95, p. 6).

It is well-established that a district court, in its discretion, may award attorneys' fees to a prevailing defendant if authorized by statute. And, pursuant to 42 § U.S.C. 2000e-5(k) ("Title VII"), 42 § U.S.C. 1988(b) ("§ 1981 claim"), and Fla. Stat. 760.11(5) ("FCRA claim") Defendant may recover fees as the prevailing party.[2] Fees may be awarded under these statutes if there is a finding

---

[1] Federal Rule of Civil Procedure 54(d)(1) establishes a presumption that costs are awardable to the prevailing party. *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000).

[2] *See* 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee . . . ."); 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of section[] 1981 . . . , the court, in its discretion,

2

that Plaintiff's lawsuit was "frivolous, unreasonable, or without foundation." *See Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978).[3] Factors to be considered in making this determination include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle, and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985). These factors are guidelines, rather than hard and fast rules, and any determination of frivolity must be made on a case by case basis. *Id.* The evidence must be viewed in the light most favorable to the non-prevailing plaintiff. *Id.*; *see Johnson v. Florida*, 348 F.3d 1334, 1354 (11th Cir. 2003). And the burden rests on party seeking fees. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an award.'" (citation omitted)). In order to justify an award of attorneys' fees, Plaintiff's claims must have been "so lacking in arguable merit as to be groundless or without foundation." *Sullivan*, 773 F.2d at 1189.

Claims are not "frivolous" simply because they ultimately failed. As stated by the Supreme Court,

> This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may

---

may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."); Fla. Stat. § 760.11(5) ("In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.").

[3] *See also Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 885 n.1 (*Christiansburg* standard applies to Title VII, § 1981, and FCRA claims).

have an entirely reasonable ground for bringing suit.

*Christiansburg*, 434 U.S. at 422.

Defendant focuses its argument on the first *Sullivan* factor, whether Plaintiff established a *prima facie* case. (Dkt. 95, pp. 6-7). It contends that Plaintiff's decision not to pursue certain claims once the motion for summary judgment was filed equates to frivolity because he was not able to establish a *prima facie* case.[4] (*Id.*). As Plaintiff correctly points out, however, this "hindsight logic" has been cautioned against in this Circuit. *See Sullivan*, 773 F.2d at 1188-89 ("No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.") (quoting *Christiansburg*, 434 U.S. at 422). Nonetheless, the first *Sullivan* factor does weigh in favor of an award of fees as it is clear that a *prima facie* case was never established.

The remaining *Sullivan* factors, however, do not support an award. The second factor, whether an offer to settle was made, weighs against an award since Defendant made an offer to settle during mediation. *See Sayers v. Stewart Sleep Ctr., Inc.*, 140 F.3d 1351, 1354 (11th Cir. 1998) (defendant's offer of settlement should weigh in plaintiff's favor). And although the amount of the offer is not known, Plaintiff represents that the offer "was more than nominal." (Dkt. 103, p. 6, n.6). The third *Sullivan* factor, whether the case was dismissed prior to trial or a full-blown trial on the merits was held, weighs against an award. Although Plaintiff abandoned four claims, he proceeded

---

[4] To support this contention, Defendant relies on *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418 (11th Cir. 1996). However, *Turner* is distinguishable. In *Turner*, the Eleventh Circuit affirmed an award of fees where the plaintiff neither responded to defendant's motion for summary judgment nor appeared at the scheduled oral argument. *Id.* at 1420. Additionally, plaintiff's attorney withdrew after determining plaintiff's claims to be meritless. *Id.* at 1420-21. Here, Plaintiff responded to Defendant's motion and proceeded to trial on a number of claims.

to verdict on four others.[5]

In sum, although Plaintiff's Title VII, FCRA, and § 1981 discrimination claims were ultimately abandoned, nothing in the record demonstrates they were "so lacking in arguable merit as to be groundless or without foundation." *Sullivan*, 773 F.2d at 1189.[6] Contrary to Defendant's argument, Plaintiff's decision to not oppose summary judgment does not justify an award. *See, e.g., Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) ("[W]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." (quotation omitted)). Defendant is therefore not entitled to recover fees because it has failed to meets its "burden of establishing entitlement to an award." *See Fox*, 563 U.S. at 838.

Accordingly, Defendant's Motion for Attorneys' Fees and Costs (Dkt. 95) is **GRANTED IN PART** and **DENIED IN PART**. The Clerk of Court is directed to enter judgment in Defendant's favor and against Plaintiff for taxable costs in the amount of $3,362.15.

**DONE AND ORDERED** this 15th day of November, 2018.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

---

[5] Indeed, the claims he proceeded to trial on were related to the claims he abandoned. Plaintiff's entire case was premised on his allegations of various types of discrimination which resulted in a "campaign of retaliation." (Dkt. 24, Third Amended Complaint, ¶ 13). That he ultimately decided not to pursue his race-based discrimination claims does not mean that they were frivolous. And Defendant has provided no authority to the contrary.

[6] While it is somewhat difficult to analyze the *Sullivan* factors because of Plaintiff's decision not to pursue certain claims, they are as noted, "general guidelines only, not hard and fast rules." *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1177 (11th Cir. 2005) (internal quotations and citation omitted). *See also Bonner v. Mobile Energy Servs. Co., L.L.C.*, 246 F.3d 1303, 1305 (11th Cir. 2001) ("*Sullivan* does not create a bright line checklist nor does it permit of a mechanical application.").